UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LANCE HANSON,

                Plaintiff,

   v.                                              9:18-CV-1257 (DNH/CFH)

THE PEOPLE OF THE STATE
OF NEW YORK ON BEHALF
OF THE PAROLE COMMITTEE
BOARD AT ULSTER CORRECTIONAL
FACILITY, and ULSTER COUNTY
WHERE CLAIM AROSE,

                Defendants.

---

APPEARANCES:

LANCE HANSON
Plaintiff, pro se
109-20 Francis Lewis Blvd
Queens Village, NY 11429

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

In November 2017, pro se plaintiff Lance Hanson ("Hanson" or "plaintiff") commenced this civil rights action asserting claims arising out of his confinement in the custody of the New York Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1. Plaintiff did not pay the filing fee for this action and seeks leave to proceed in forma pauperis ("IFP"). Dkt. No. 2.[1]

---

[1] This case was transferred to this District from the Eastern District of New York on October 25, 2018. See Dkt. No. 7.

## II. **DISCUSSION**

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).[2]

Where a plaintiff has been granted in forma pauperis status, service of process is effected on his or her behalf by the U.S. Marshals Service. *See* Fed. R. Civ. P. 4(c)(2) (explaining that U.S. Marshals Service must be appointed to serve process when plaintiff is authorized to proceed in forma pauperis); 28 U.S.C. § 1915(d) ("[T]he officers of the court shall issue and serve all process and perform all duties in [in forma pauperis] cases.").

In appropriate circumstances, pro bono counsel may also be appointed to represent a litigant proceeding in forma pauperis. *See* 28 U.S.C. § 1915(e)(1). "The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court." *DiGianni v. Pearson Educ.*, No. 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010).

Hanson was confined at Wyoming Correctional Facility when he signed his IFP application on November 20, 2017. Dkt. No. 2 at 1-2. Thereafter, plaintiff advised the Court that he was scheduled to be released from DOCCS custody on May 22, 2018, and provided a non-custodial post-release address. Dkt. No. 5. According to information publicly available on the DOCCS website, plaintiff was released from custody on parole on May 22, 2018. *See* http://nysdoccslookup.doccs.ny.gov. Because plaintiff's IFP application does not reflect his current post-release financial condition, the Court cannot determine whether he has

---

[2] "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Cash*, 2010 WL 5185047, at *1.

2

established sufficient economic need.  Accordingly, plaintiff's IFP application is denied without prejudice and with leave to renew.[3]

If Hanson wishes to proceed with this action, he must comply with the filing fee requirements **within thirty (30) days** of the filing date of this Decision and Order.  Plaintiff is advised that his failure to timely comply with this Decision and Order will result in the dismissal of this action without prejudice, without further order of this Court.

In the event Hanson timely complies with this Decision and Order, the will consider the merits of plaintiff's request for consolidation (Dkt. No. 4), which he filed prior to his release from DOCCS custody.  At this time, however, that motion is denied without prejudice.

## III. CONCLUSION

Therefore, it is

ORDERED that

1. Plaintiff's IFP application (Dkt. No. 2 at 1-2) is **DENIED without prejudice and with leave to renew**;

2. Plaintiff's authorization form (Dkt. No. 2 at 3) is **STRICKEN** from the docket as unnecessary;

3. Plaintiff's request for consolidation (Dkt. No. 4) is **DENIED without prejudice**;

4. Should plaintiff wish to proceed with this action, he must either (i) pay the $400.00 filing fee, or (ii) submit a renewed IFP application detailing his current post-release financial condition **within thirty (30) days** from the date of the filing of this Decision and Order;

---

[3] In light of plaintiff's release from custody, the provisions of 28 U.S.C. § 1915(e) requiring prisoners to pay the filing fee over time from funds available in their inmate accounts are not applicable.  The Clerk is therefore directed to strike plaintiff's authorization form (Dkt. No. 2 at 3) as unnecessary.

5. Upon plaintiff's compliance with this Decision and Order, the Clerk shall return the file to the Court for further consideration and, if appropriate, review of the complaint in accordance with 28 U.S.C. § 1915(e)(2);

6. In the event plaintiff fails to timely comply with this Decision and Order, this action will be **DISMISSED without prejudice** without further Order of this Court; and

7. The Clerk shall serve this Decision and Order on plaintiff by mail. The Clerk shall also send plaintiff a blank IFP application.

IT IS SO ORDERED.

Dated: November 5, 2018
      Utica, New York.

_____
United States District Judge